# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | )<br>) |
| Plaintiff, | )<br>) Civil No. 08-cv-6379 (JNE/JJG) |
| v. | )<br>) |
| OVATION PHARMACEUTICALS, INC. | ) Judge Ericksen<br>) |
| Defendant. | ) Magistrate Judge Graham<br>) |
| STATE OF MINNESOTA, | )<br>) |
| Plaintiff, | )<br>) (Related Case) |
| v. | ) Civil No. 08-cv-6379 (JNE/JJG)<br>) |
| OVATION PHARMACEUTICALS, INC. | )<br>) |
| Defendant. | )<br>) |

## BEN VENUE LABORATORIES, INC.'S MEMORANDUM
## IN SUPPORT OF ITS MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24(a)(2) and (b), Ben Venue Laboratories, Inc. and Bedford Laboratories (collectively, "Ben Venue") have moved for leave to intervene in this proceeding for the limited purpose of opposing Defendant Ovation Pharmaceuticals, Inc.'s ("Ovation") Motion for Protective Order to Prevent the Federal Trade Commission and the State of Minnesota from Denying Ovation's In-House Counsel Access to Discovery ("Ovation's Motion"). (Docket Number ("Dkt. No.") 32/Def.'s Motion). Ben Venue seeks to intervene as a matter of right under Rule 24(a)(2) or, alternatively, permissively under Rule 24(b). The Federal Trade Commission ("the

ND: 4823-6111-4371

Commission") does not oppose Ben Venue's motion and Ovation has not indicated whether it will object.

## RELEVANT FACTS

Ben Venue is a pharmaceutical company with headquarters in Bedford, Ohio. It develops and manufactures liquid and lyophilized sterile pharmaceutical products under contract to its customers. In addition, Ben Venue, through its Bedford Laboratories division, develops, manufacturers and markets intravenous generic pharmaceutical preparations for sale in the United States. Of particular interest to this case is Ben Venue's recent effort to develop and bring to market generic indomethacin, an intravenous therapy drug used to treat patent ductus arteriosus ("PDA"). Ben Venue has received approval for the manufacture of the drug and intends to bring it to market.

On July 10, 2008, Ben Venue provided confidential and proprietary data and documentation concerning its generic indomethacin drug and plans regarding its possible development or acquisition of certain generic injectable products to the Commission pursuant to an information access request letter dated June 12, 2008, served during the Commission's pre-litigation investigation of Ovation. In accordance with Commission rules and practice, all data and documentation was designated "Confidential" by Ben Venue at the time of its production to the Commission, including materials on Ben Venue's indomethacin product, sources for the active pharmaceutical ingredient ("API") used to manufacture the drug, related drug models, pricing data, sales forecasting, launch strategy and manufacturing information.

On December 16, 2008, the Commission filed a Complaint against Ovation, alleging that Ovation unlawfully acquired both Indocin and NeoProfen, two largely therapeutically substitutable pharmaceuticals that were purportedly the only ones on the market prescribed to treat PDA, and had acquired its market position over both of these PDA pharmaceuticals in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.  (Dkt. No. 1/Complaint at 1).  On January 22, 2009, the Commission staff forwarded to Ben Venue a copy of the joint Proposed Protective Order Governing Discovery Material in the Commission's action again Ovation, which was to govern the production by the Commission to Ovation of Ben Venue's pre-litigation investigatory submission to the Commission.  The Commission staff explained to Ben Venue via letter correspondence (attached as Exhibit 1 to Affidavit of Dena M. Lenahan, ("Lenahan Affidavit")) that the Commission and Ovation (collectively "the Parties") disagreed about one provision of the Proposed Protective Order, namely whether Ovation's general counsel would be allowed access to documents designated "Attorneys' Eyes Only."  The Commission staff further explained that pending the Court's ruling on this issue and entry of a Final Protective Order, Ovation had agreed not to show any documents so designated to Ovation's general counsel.  On January 29, 2009, this Court entered the Proposed Protective Order, with the in-house counsel issue unresolved between the Parties.  (Dkt. No. 24, attach. 1/Proposed Protective Order).

On February 13, 2008, pursuant to Paragraphs 4 and 8 of the Proposed Protective Order, and in response to a Commission staff letter to Ben Venue dated January 27, 2009,

3

Ben Venue re-designated the documents previously produced in July 2008. Ben Venue designated its most sensitive confidential and proprietary documents "Attorneys' Eyes Only." The remaining documents kept the original "Confidential" designation.

On February 27, 2008, Ben Venue learned that Ovation filed the Ovation Motion, urging the entry of a new protective order which, unlike the Proposed Protective Order, would give Ovation's general counsel unrestricted access to all documents designated as "Attorneys' Eyes Only." Ben Venue advised counsel for Ovation and the Commission that such a protective order granting Ovation's general counsel unfettered access to its competitor's confidential and proprietary information could seriously damage Ben Venue's ability to launch a generic indomethacin successfully and could compromise its competitiveness in the marketing and pricing of products which compete with Ovation's pharmaceuticals. In this case, the inside counsel designated for access to this information is a key officer of Ovation and a member of its senior management team directing Ovation's competitive response to Ben Venue in the market. Accordingly, Ben Venue objects to the release of its pre-litigation investigatory materials to Ovation's in-house general counsel. Ben Venue understands the Commission staff plans to file a brief opposing Ovation's Motion on March 6, 2009.

## ARGUMENT

To prevent disclosure of confidential and proprietary information concerning Ben Venue's products and operations to key management of Ovation, its competitor, Ben Venue moves to intervene in this action for the limited purpose of opposing the Ovation Motion. Intervention by Ben Venue is necessary to ensure that its most sensitive

4

confidential and highly proprietary materials, including materials relating to its indomethacin drug model, pricing, manufacturing and market entry plans, as well as sensitive strategic insight and forecasting information, are protected from disclosure to Ovation.

**I.      Ben Venue's Motion To Intervene As Of Right Satisfies All Requirements Of Intervention.**

An individual who has "an interest relating to the property or transaction which is the subject of the action and . . . is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest" may seek leave of court to intervene as of right in such an action. Fed. R. Civ. P. 24(a)(2). The Eighth Circuit has explained that intervention as of right requires the intervenor applicant to:

> file a timely application, and . . . then satisfy a tripartite test: 1) the party must have a recognized interest in the subject matter of the litigation; 2) that interest must be one that might be impaired by the disposition of the litigation; and 3) the interest must not be adequately protected by the existing parties.

*Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 997 (8th Cir. 1993); *see also Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action,* 558 F.2d 861, 869 (8th Cir. 1977). Ben Venue satisfies this tripartite test and, thus, its Motion to Intervene should be granted.

### A. Ben Venue's Motion To Intervene Is Timely.

Ovation filed its motion on February 27, 2009 – only one week ago. (Dkt. No. 32/Def.'s Motion). Within two business days of receiving Ovation's motion, Ben Venue notified the Court of its interest in intervening and opposing that motion.[1]

"Whether a motion to intervene is timely is determined by considering all the circumstances of the case. No ironclad rules govern this determination." *Mille Lacs Band*, 989 F.2d at 998 (citations omitted). To determine timeliness, the Eighth Circuit considers "the reason for any delay by the proposed intervenor in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995) (reversing the district court's denial of a third party's motion to intervene as a manner of right). Ben Venue notes that discovery in this case is not scheduled to close for several weeks, (Dkt. No. 29/Pretrial Scheduling Order), and that the Commission's response to Ovation's Motion is not due until March 6, 2009. Given its quick response to Ovation's Motion and the procedural posture of this case, Ben Venue's motion is unquestionably timely. Furthermore, the Parties will not be prejudiced by Ben Venue's intervention as it will not delay proceedings in this case. *See Mille Lacs Band*, 989 F.2d at 998-99 (finding that the applicants' filing of the motion to intervene was not untimely

---

[1] As a courtesy to the Court and in order to avoid any delay resulting from Ben Venue's intervention, Ben Venue has attached as Exhibit 2 to the Lenahan Affidavit its Memorandum in Opposition to Ovation's Motion. Should the Court grant Ben Venue's Motion to Intervene, Ben Venue will submit its Memorandum in Opposition without delay.

6

because "the underlying litigation had not progressed significantly by the time they moved to intervene and the delay in seeking intervention did not prejudice the existing parties")  Indeed, the Commission has indicated that it does not oppose Ben Venue's motion, and Ovation can have no objection to Ben Venue's intervention on this ground.

   **B.** **Ben Venue Has A Legal Interest Related To The Subject Of The Action That Might Be Impaired Should This Motion To Intervene Be Denied.**

  Ben Venue's cognizable interest in this matter is clear: if the final protective order proposed by Ovation were to be granted, Ben Venue's confidential and proprietary product, market entry and other sensitive company information regarding indomethacin would be available to Ovation's in-house counsel.  This risk to Ben Venue would be immediate and damage flowing from even an inadvertent use irreparable as the Commission has already produced to Ovation's outside counsel the documentary materials Ben Venue and other third parties provided to the Commission during its pre-litigation investigation.  The protection of confidential third party information is precisely the type of interest that justifies intervention under Rule 24(a).  *Mille Lacs Band*, 989 F.2d at 997-98.  This Circuit has allowed third parties to intervene even when the imminent threat of harm was far less evident than it is to Ben Venue in this case.  *See id.* at  998, 1001 (reversing district court's denial of two motions to intervene as of right where "[t]he result of the litigation . . . *may affect*" or "*may impair*" the interests of the proposed intervenors) (emphasis added).

7

### C. Ben Venue's Interests Are Not Adequately Protected By The Current Parties To The Suit.

Finally, no party adequately represents Ben Venue's interests in this case. The requirement that a would-be intervenor demonstrate it is not adequately represented by the existing parties to the action is a minimal standard. *Union Elec. Co.*, 64 F.3d at 1168. The "persons seeking intervention need only carry a 'minimal' burden of showing that their interests are inadequately represented by the existing parties." *Mille Lacs Band,* 989 F.2d at 999 (quoting *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)). Ben Venue certainly meets this burden.

The "protective" procedures sought by Ovation directly compromise and impair Ben Venue's interests in the confidentiality and secrecy of its critical business documents and, therefore, are unacceptable to it. For its part, the Commission has an interest in protecting confidential information obtained from third parties in antitrust investigations against disclosure; however, the Commission's position on Ovation's Motion may not be sufficiently or completely aligned with Ben Venue's position to adequately protect the business interests and trade secret interests at stake. Indeed, this Circuit has found in previous cases that government litigants may be incapable of fully representing the interests of aspiring intervenors. *See*, *e.g.*, *id.* at 1101 (finding that the government litigator could not adequately represent the third parties' interests). Ben Venue seeks to protect and preserve its current and future financial, competitive and business interests. It has no assurance that the Commission will adequately represent those important interests. *See id.* ("[T]here is no assurance that the state will continue to support all the positions taken in its initial pleading. Moreover, if the case is disposed of by settlement rather than

by litigation, what the state perceives as being in its interest may diverge substantially from the [proposed third party intervenors'] interests.").

In sum, because Ben Venue has demonstrated legal interests in this proceeding that are not adequately protected by any party, and because Ovation's success on its motion would materially impair Ben Venue's interests, Ben Venue is entitled to and respectfully requests that the Court grant it leave to intervene as of right in this matter.

## II.     Alternatively, Ben Venue Should Be Allowed To Intervene Permissively.

Ben Venue also qualifies for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.  Rule 24(b) sets the basic parameters for permissive intervention: "Upon timely motion the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  This Court has explained that to be granted permissive intervention, an applicant must demonstrate that its motion is (1) timely, (2) that there is "a question of law or fact in common with the underlying action," and (3) that such an intervention will not "unduly delay or prejudice the adjudication of the parties' rights." *In re Baycol Prods. Litig.*, 214 F.R.D. 542, 2003 U.S. Dist. LEXIS 12319, at *2-3 (D. Minn. April 17, 2003) (granting a third party's motion to intervene pursuant to Rule 24(b)).[2]  As demonstrated above, Ben Venue's motion is timely and would result in neither delay in the action nor prejudice to either party.

---

[2] Most Courts of Appeal, and this Court, have held that "permissive intervention is the appropriate procedural course for third party challenges to confidentiality orders."  *In re Baycol Prods. Litig*, 2003 U.S. Dist. LEXIS 12319, at *2; *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D 632, 2007 U.S. Dist. LEXIS 74166 (D. Minn. Oct. 3, 2007).

ND: 4823-6111-4371

Additionally, Ben Venue's motion shares common questions of law and fact with the dispute among the Parties. Though, "it is not necessary [for a court] to require a strong nexus of fact or law when intervention is sought solely to modify a protective order," *id.* at *3, a strong nexus does in fact exist in this case, where concerns about protecting Ben Venue's confidentiality for proprietary information and trade secrets relating to its competing product are central to the competition and market effects issues being litigated by the Parties before this Court.

---

(continued…)

Additionally, this Court has granted a permissive intervention without exploring whether standing in the immediate controversy is required, citing an exception recognized by some courts "when third parties seek intervention solely to challenge a confidentiality order." *In re Baycol Prods. Litig*, 2003 U.S. Dist. LEXIS 12319, at *6.

10

## CONCLUSION

For all of these reasons, Ben Venue respectfully requests that its Motion to Intervene as of right or, in the alternative, permissively, as a third party in this action be granted.

Dated: March 6, 2009				HALLELAND LEWIS NILAN & JOHNSON PA

By:   s/ Dana M. Lenahan
        Tracy J. Van Steenburgh, MN Reg. No. 141173
        Dana M. Lenahan, MN Reg. No. 0353759
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4501
Tel: 612.338.1838
Fax: 612.338.7858

JONES DAY
Michael Sennett (pro hac vice admission pending)
msennett@jonesday.com
Yael D. Aufgang (pro hac vice admission pending)
yaufgang@jonesday.com
Emma D. Salustro (pro hac vice admission pending)
esalustro@jonesday.com
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Tel: 312.782.3939
Fax: 312.782.8585

*Attorneys for Ben Venue Laboratories, Inc.*
*and Bedford Laboratories*

ND: 4823-6111-4371